1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   BRUCE D. GRADINE,
                                         NO. 2:06-cv-0046-MCE-PAN
12            Plaintiff,

13        v.                             MEMORANDUM AND ORDER

14   BIOMET, INC., ARTHROTEK, INC.,
     and the BENEFITS COMMITTEE OF
15   THE BIOMET, INC. EMPLOYEE
     BENEFIT PLAN,
16
              Defendants.
17
                            ----oo0oo----
18

19        Plaintiff Bruce D. Gradine ("Plaintiff"), an employee of

20   Defendant Arthrotek, Inc. ("Arthrotek")[1],  instituted the present

21   action after his employer's benefit plan, the Biomet, Inc.

22   Employee Benefit Plan ("Plan"), and its administrator, Defendant

23   Benefits Committee of the Biomet, Inc. Employee Benefit Plan

24   ("Benefits Committee") asserted alleged rights of subrogation and

25   reimbursement following a medical malpractice settlement reached

26   by Plaintiff.

27   ────────────────

28       [1]Defendant Arthrotek is a wholly owned subsidiary of
     Defendant Biomet, Inc. ("Biomet").

                                  1

1  That settlement stemmed from allegedly unnecessary medical care

2  paid for by the Plan, and Plaintiff alleges claims sounding under

3  the Employment Retirement Income Security Act of 1974, 29 U.S.C.

4  § 1001, et seq. ("ERISA"), as well as additional claims founded

5  on California law.  Defendants now move to dismiss Plaintiff's

6  Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6),[2]

7  on grounds that two of the named Defendants, Arthrotek and

8  Biomet, are not proper parties against which a cognizable claim

9  can be pursued.  Defendants further request that this action be

10 transferred in its entirety to the Northern District of Indiana

11 to permit consolidation with a case filed there by the Benefits

12 Committee against Plaintiff and nineteen health care providers.

13 Finally, with respect to the issue of subrogation and

14 reimbursement in the context of an ERISA claim, Defendants argue

15 that even if neither dismissal nor transfer is ordered the Court

16 should, at the very minimum, stay Plaintiff's action pending the

17 issuance of a Supreme Court decision that Defendants contend

18 could prove dispositive of the action.  For the reasons set forth

19 below, while Defendants' request for dismissal of Arthrotek and

20 Biomet will be granted, the remainder of Defendants' Motion is

21 denied.

22 ///

23 ///

24 ///

25 ///

26 ///

27

28     [2]All further references to "Rule" or "Rules" are to the
Federal Rules of Civil Procedure unless otherwise noted.

**BACKGROUND**

On January 9, 2006, Plaintiff filed the instant action against Biomet and Arthrotek.  Plaintiff subsequently amended his Complaint to include the Benefits Committee as a Defendant on February 24, 2006.

According to the First Amended Complaint, Plaintiff received negligent care for heart problems experienced in 1999 and 2000, including unnecessary surgery.  Am. Comp., § 26.  He thereafter sued various health care providers involved in his care and ultimately obtained a settlement.  The Plan subsequently sought reimbursement for medical expenses it paid (in excess of $200,000) out of the proceeds of that settlement.  Id. at ¶ 29.

Plaintiff alleges that the Plan and its Benefits Committee are legally precluded from obtaining such reimbursement given the limited equitable relief available under ERISA, as interpreted by the Ninth Circuit in Westaff v. Arce, 298 F.3d 1164 (9th Cir. 2002).  Further subjects of contention include 1) enforceability of the Plan's provisions pertaining to deduction of attorney's fees from any amount that may be owed the Plan; 2) whether or not in any event the Plan is barred under the doctrine of "unclean hands" from recovering from Plaintiff damages he received for treatment "encouraged and authorized" by the Plan; and 3) whether the Plan acted wrongfully by allegedly threatening to terminate Plaintiff's coverage unless reimbursement was provided.  Id. at ¶ 24.

///

///

1    On February 15, 2006, just over a month after Plaintiff's
2 lawsuit was commenced, the Plan instituted its own action in the
3 Northern District of Indiana by suing Plaintiff along with
4 nineteen health care providers.[3]  Through that lawsuit, the
5 Benefits Committee not only seeks to impose a constructive trust
6 against the proceeds of Plaintiff's lawsuit but also, with
7 respect to the health care providers, demands restitution for
8 monies paid by the Plan for unnecessary and/or fraudulent
9 procedures.

10    As stated above, in addition to arguing that Arthrotek and
11 Biomet are improper parties and should be dismissed, Defendants
12 also contend that this action should be transferred, for the
13 convenience of the parties and witnesses under 28 U.S.C. §
14 1404(a), to the Northern District of Indiana.  In response,
15 Plaintiff argues that Defendants have made no showing whatsoever
16 that Indiana is a more convenient forum for adjudication of this
17 dispute than California.  In fact, Plaintiff contends that
18 exactly the opposite is true since the majority of the witnesses
19 and documents at issue in the two cases (which both parties agree
20 should be consolidated, see Defs.' Mem. P. & A. at 1:23-24, 7:6-
21 8, and Pl.'s Opp'n, 5:5-6) are located within the Eastern
22 District.  Moreover, because the instant action was filed first,
23 Plaintiff claims that case law supports deference to his choice
24 of forum.
25 ///

26
27    [3]Plaintiff has requested that this Court take judicial
    notice of that lawsuit, entitled The Benefits Committee of the
    Biomet, Inc. Employee Benefit Plan v. Gradine, et al., Case No.
28 3:06CV0124 MS.  That request was unopposed and is hereby granted.

4

Finally, with respect to Defendants' request that the entire

matter be stayed pending a potential upcoming pronouncement from

the Supreme Court on the split of authority in the circuit courts

with respect to ERISA subrogation rights,[4] Plaintiff contends

that the issues raised by the case extend beyond mere subrogation

rights, as enumerated above.

**STANDARD**

**Motion to Dismiss.** Turning first to Defendants' request

that Arthrotek and Biomet be dismissed, on a motion to dismiss

for failure to state a claim under Rule 12(b)(6), all allegations

of material fact must be accepted as true and construed in the

light most favorable to the nonmoving party. Cahill v. Liberty

Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  A claim will

not be dismissed for failure to state a claim "'unless it appears

beyond doubt that plaintiff can prove no set of facts in support

of [his or] her claim that would entitle [him or] her to

relief.'"  Yamaguchi v. Dep't of the Air Force, 109 F.3d 1475,

1480 (9th Cir. 1997) (quoting Lewis v. Tel. Employees Credit

Union, 87 F.3d 1537, 1545 (9th Cir. 1996)).

If the court grants a motion to dismiss, it must then decide

whether to grant leave to amend.

///

///

---

[4]On November 28, 2005, the Supreme Court granted certiorari
in Mid Atlantic Med. Services, LLC v. Sereboff, 407 F.3d 212,
(4th Cir. 2005).

The Court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

**Motion to Transfer.** Turning next to Defendants' request that this matter be transferred under 28 U.S.C. § 1404 even aside from the question of dismissal, under § 1404 a federal district court may transfer an action it determines may be more conveniently tried elsewhere:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The court has broad discretion in determining whether the factors enumerated in § 1404 mandate transfer under the particular circumstances present in each case. <u>E.& J. Gallo Winery v. F.& P.S.p.A.</u>, 899 F. Supp. 465, 466 (E.D. Cal. 1994). Motions to transfer should not be liberally granted (<u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)), with the burden of establishing a need to transfer falling squarely on the moving party. <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d 270, 279 (9th Cir. 1980).

1    Unless the balance of convenience is strongly in favor of

2  the defendant, plaintiff's choice of forum should generally not

3  be disturbed.  E.& J. Gallo, 899 F. Supp. at 466.  The balance of

4  convenience must clearly weigh in favor of transfer is

5  plaintiff's choice of venue is to be disturbed, and transfer is

6  not warranted if the result is merely to shift inconvenience from

7  the one party to the other.  Harris v. Nat'l R.R. Passenger

8  Corp., 979 F.Supp. 1052, 1053-54 (E.D. Pa. 1997).  In order to

9  meet its heavy burden in demonstrating inconvenience, affidavits

10 or declarations are required to both identify key witnesses and

11 provide a generalized statement of their anticipated testimony.

12 E.& J. Gallo, 899 F.Supp. at 466.

13

14    **Request for Stay**.  The party requesting a stay must make a

15 clear case of inequity or hardship in being required to move

16 forward, particularly if staying the action might inure to the

17 other party's detriment.  Landis v. N. Am. Co., 299 U.S. 248,

18 254-55 (1936).

19

20                        **ANALYSIS**

21

22 **1.   Arthrotek and Biomet are not proper parties to this lawsuit.**

23    Plaintiff seeks a declaration from the Court with respect to

24 his obligation to reimburse Defendants pursuant to 29 U.S.C. §§

25 1132(a)(1)(B) and 1132(e) of ERISA.  The law is clear, however,

26 that ERISA permits claims pertaining to the recovery of benefits

27 only against the benefit plan itself or the plan administrator as

28 its fiduciary.

                              7

1  <u>Madden v. ITT Long Term Disability Plan for Salaried Employees</u>,

2  914 F.2d 1279, 1287 (9th Cir. 1990); <u>Ford v. MCI Comm. Corp.</u>

3  <u>Health and Welfare Plan</u>, 399 F.3d 1076, 1081 (9th Cir. 2005).

4  Plaintiff does not dispute that Arthrotek is an improper

5  party and should be dismissed.  He argues, however, that Biomet

6  should remain in this litigation, not because he takes issue with

7  the weight of the above-cited authority but instead because he

8  argues that Biomet should be bound by a letter from counsel for

9  the Plan suggesting that Biomet is in fact the Plan's

10  administrator.  (See December 22, 2005 Letter from Tara Sciscoe,

11  p. 2, attached as Ex. A to Pl.s' First Am. Compl.).

12  Although Ms. Sciscoe's letter may well blur the distinction

13  between Biomet itself and its Health Benefit Plan, the Plan

14  documents make it clear that the Biomet's Health Benefit Plan is

15  part of the Biomet Employee Benefit Plan, with the provisions of

16  the overall benefit plan applying equally to its health

17  component.  The Employee Benefit Plan states unequivocally that

18  it shall be administered by an appointed Benefits Committee.

19  (Employee Benefit Plan, p. 6, attached as Ex. B to Defs' Mtn.).

20  The Benefits Committee is a named Defendant in this lawsuit.

21  While the three entities (Biomet, its Employee Benefit Plan and

22  the Benefits Committee as the Plan's Administrator) may be

23  closely aligned, they nonetheless have an independent legal

24  status recognized by the case law.  While the Plan and the Plan

25  Administrator, are subject to suit, the employer, as insurer of

26  the Plan, is not.  <u>Ford</u>, 399 F.3d at 1081.

27  ///

28  ///

8

1    While Plaintiff also argues that Biomet is a proper party to
2    the state law causes of action, for violation of the Consumer
3    Legal Remedies Act, California Civil Code § 1770, et seq., and
4    for unfair business practices as proscribed by California
5    Business and Professions Code § 17200, <u>et</u> <u>seq.</u>, Plaintiff makes
6    no showing that those claimed violations stem from anything other
7    than the activities of the Plan, a separate legal entity, and its
8    administrator, the Benefits Committee.  Plaintiff has not
9    demonstrated that Biomet itself is a proper party.

10

11   **2.   As the first filed action, Plaintiff's choice of forum is
         entitled to deference.**
12

13   The parties do not dispute that as a matter of comity, in
14   cases where parties file parallel lawsuits in different
15   districts, the court which first acquired jurisdiction should try
16   the lawsuit.  <u>Pacesetter Sys, Inc. v. Medtronic, Inc.</u>, 678 F.2d
17   93, 95 (9th Cir. 1982).  This so-called "first filed" rule is
18   preferred unless its adherence would prove unjust or inefficient.
19   <u>Serco Services Co., L.P. v. Kelley Co., Inc.</u>, 51 F.3d 1037, 1039
20   (Fed. Cir. 1995).

21   In the present case, the "first filed" rule would point to a
22   conclusion that the matter should remain in the Eastern District
23   since the instant lawsuit was filed here by Plaintiff more than a
24   month before Defendants' Indiana lawsuit.  Defendants nonetheless
25   contend that Plaintiff's status as first filer should be
26   disregarded because his institution of the present action simply
27   amounted to a "preemptive strike" in anticipation of Defendants'
28   own lawsuit.

Defendants also suggest that Plaintiff's intent was to secure a venue within the Ninth Circuit, which has ruled against the availability of reimbursement under ERISA (in <u>Westaff v. Acre</u>, <u>supra</u>, 298 F.3d at 1167), as opposed to the Seventh Circuit's decision in <u>Adm. Comm. of the Wal-Mart Stores, Inc. v. Varco</u>, 338 F.3d 680, 687-88 (7th Cir. 2003), which would apply in Indiana.

No showing sufficient to overcome the "first filed" rule has been made herein. Plaintiff convincingly points out that the Plan's threat to cancel his health coverage unless reimbursement was tendered made it necessary for him to file immediately in order to protect his rights.

**3.  Defendants have not demonstrated entitlement to transfer this action on grounds of convenience.**

As indicated above, the "first filed" rule supports retention of the instant action in this district. Deviation from the rule is nonetheless permitted, however, when "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." <u>Serco Services,</u> 51 F.3d at 1039. Hence any transfer of Plaintiff's lawsuit pursuant to § 1404(a) requires that such a showing be made. As indicated above, Defendants, as the moving parties, bear the burden of proof in demonstrating the utility of transfer to another forum. <u>Commodity Futures Trading Comm'n v. Savage</u>, 611 F.2d at 279.

///

///

///

///

10

1    In their initial papers, Defendants make no showing as to

2  why this action should be transferred to Indiana on grounds of

3  convenience other than to make a largely unsubstantiated argument

4  that "the majority of documents and witnesses are located in

5  Indiana."  (Defs.' Mot., 7:4-5).  Only in their reply do

6  Defendants flush out that argument somewhat by claiming that two

7  of the three members of the Benefits Committee reside in the

8  Northern District of Indiana, and by claiming that all

9  documentation concerning the Plan is located in Indiana.

10   While Defendants assert that the scope of this lawsuit is

11  exactly the same as the Indiana action, with both revolving

12  simply around interpretation of the Plan's provisions concerning

13  subrogation and reimbursement rights, the Court disagrees.  In

14  addition to raising the issue of subrogation and reimbursement,

15  Plaintiff's action also raises issues pertaining to the Plan's

16  "unclean hands" in recommending and/or authorizing health care

17  providers ultimately determined to be fraudulent.  Plaintiff, a

18  California resident, further takes issue with alleged threats

19  directed to him in California if he persisted in failing to

20  reimburse the Plan.  Plaintiff further asserts state law claims

21  pertaining to the Plan's alleged misconduct here in California.[5]

22  ///

23  ///

24  ///

25

26   [5]In their Reply, Defendants claim for the first time that
these state law claims are preempted by ERISA and should be
27  disregarded.  That argument, however, was not made in Defendants'
Motion and is consequently not properly before the Court at this
28  time.

All these issues raise California concerns, along with the
possibility of California witnesses, that mitigate against
transfer particularly in view of the strong showing of
inconvenience that must be made to warrant upsetting the
Plaintiff's choice of forum.  <u>Decker Coal Co. v. Commonwealth
Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).

It should also be noted that both sides agree that the two
lawsuits filed in this matter should ultimately be consolidated.
In light of that agreement, counsel for Plaintiff points out that
the Benefit Committee's Indiana lawsuit includes restitution
claims against fifteen different California health care
providers.  Establishing those claims would undoubtedly entail
the testimony of California residents and would militate against
retention of any combined action in Indiana.  While Defendants
assert that the nature of the Indiana case should not be
considered in weighing the propriety of transferring the
California action to Indiana, that argument is unconvincing
in view of the parties' concession that the two actions should in
fact be tried together.

**4.   A stay is not indicated in this matter.**

The parameters of this dispute clearly extend beyond the
simple issue of whether subrogation and reimbursement claims can
be made within the confines of ERISA.  That would appear to be
the only issue now before the Supreme Court following its grant
of certiorari in <u>Mid Atlantic Med. Services, LLC v. Sereboff</u>,
<u>supra</u>.

///

12

1  While a ruling from the Supreme Court in <u>Mid Atlantic</u> would

2  certainly bear directly upon the parties' controversy, it would

3  not necessarily be dispositive given the fact that other areas of

4  dispute are present here as discussed above.  Those areas of

5  dispute, and particularly any threat to Plaintiff's continued

6  health benefits, have both independent viability and potentially

7  pressing time concerns.  In this Court's view, a stay is not

8  indicated.  Defendants have not made the showing of inequity

9  and/or hardship required in order to justify such relief,

10  particularly given the potential harm to Plaintiff if his claims

11  are not timely adjudicated.  <u>Landis</u>, 299 U.S. at 254-55.

12

13                          **CONCLUSION**

14

15      Based on the foregoing, Defendants' Motion to Dismiss

16  Arthrotek and Biomet is GRANTED.  Because Plaintiff has agreed to

17  the dismissal of Arthrotek and inasmuch as the Court does not

18  believe that the deficiencies of Plaintiff's claims against

19  Biomet can be cured by amendment, no leave to amend will be

20  permitted.  <u>Broughton v. Cutter Labs.</u>, 622 F.2d 458, 460 (9th

21  Cir. 1980).  In addition, because no adequate showing justifying

22  transfer for convenience of the parties and witnesses has been

23  made, the request for transfer of the present action to the

24  Northern District of Indiana pursuant to 28 U.S.C. § 1404(a) is

25  DENIED.

26  ///

27  ///

28  ///

                              13

1   A stay of these proceedings is also DENIED.

2

3        IT IS SO ORDERED.

4

5   DATED: April 20, 2006

6

7

8                                   _____
                                    MORRISON C. ENGLAND, JR
9                                   UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14